UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURTIS N. BEITO, a single person,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF AIRWAY HEIGHTS; CHIEF OF POLICE LEE BENNETT; AIRWAY HEIGHTS POLICE OFFICER PAUL BRASCH and JANE DOE BRASCH, and the marital community comprised thereof; and AIRWAY HEIGHTS POLICE OFFICER ROBERT SCHMITTER and JANE DOE SCHMITTER, and the marital community comprised thereof,<br><br>                    Defendants. | No.  CV-10-0432-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISCHARGING GUARDIAN AD LITEM, AND CLOSING FILE** |

## I.    <u>INTRODUCTION</u>

This matter comes before the Court on Defendants City of Airway Heights, Chief of Police Lee Bennett, Officer Paul Brasch and his spouse Jane Doe Brasch, and Officer Robert Schmitter and his spouse Jane Doe Schmitter's (collectively, "Defendants") Motion for Summary Judgment Dismissal, ECF No. 18.  Defendants ask the Court to grant summary judgment and dismiss Plaintiff Curtis Beito's Complaint on several grounds, including the fact that the Complaint was filed after the statute of limitations had expired.  Plaintiff opposes the motion. Having reviewed the pleadings and the record in this matter, the Court

is fully informed.  For the reasons set forth below, the Court grants Defendants' motion for summary judgment and dismisses this action.

## II.  BACKGROUND[1]

On September 26, 2006, Plaintiff was stopped, detained, and questioned by Airway Heights police officers, Defendants Brasch and Schmitter.  When Plaintiff provided his name and date of birth in response to questioning, the officers discovered Plaintiff had an outstanding warrant for his arrest.  During a search incident to arrest, the officers found a stolen credit card in Plaintiff's possession.  Plaintiff was subsequently charged with second degree possession of stolen property.

Plaintiff subsequently moved for dismissal of the charge on the basis that his initial contact with Officers Brasch and Schmitter was unconstitutional.  The trial court granted Plaintiff's motion and dismissed the charge, and the State appealed.  In a published decision, the Washington Court of Appeals affirmed.  *See State v. Beito*, 147 Wn. App. 504 (Div. III 2008).

Plaintiff subsequently filed the instant civil Complaint in Spokane County Superior Court on November 12, 2010.  ECF No. 1-2.  In the Complaint, Plaintiff alleges that Defendants violated his

---

[1]  In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion – here, the Plaintiff.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

constitutional rights, and he seeks damages pursuant to 42 U.S.C. § 1983. The Complaint also asserts several state-law claims, including negligence, negligent infliction of emotional distress, outrage, and negligent supervision and training. Defendants timely removed the action to this Court on December 10, 2010. ECF No. 1. A telephonic scheduling conference was held on August 11, 2011, ECF No. 8, and the Court entered a Scheduling Order shortly thereafter, ECF No. 9.

On June 15, 2012, Defendants filed the instant motion for summary judgment. ECF No. 18. On August 1, 2012, the Court held a telephonic hearing regarding several other pending motions to appoint counsel filed *pro se* by Plaintiff, as well as his counsel's motion to withdraw. The Court denied these motions and stayed the pending summary-judgment motion until issues surrounding Plaintiff's competency could be adequately addressed. ECF No. 40. On March 7, 2013, with the consent of Plaintiff, the Court appointed his daughter, Debra Marie Granado, to act as his guardian ad litem in this matter. ECF No. 62. The Court also unstayed Defendants' summary-judgment motion and directed the parties to resume briefing. *Id.*

### III. <u>LEGAL STANDARD</u>

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the

nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court must grant the summary-judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original).

When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## IV.   DISCUSSION

Defendants argue that this suit must be dismissed because the Complaint was filed after the statute of limitations for Plaintiff's claims had expired.[2]  Defendants argue that the date of accrual for Plaintiff's claims is the date of his arrest: September 26, 2006.

---

[2]  Defendants also raise several other substantive grounds supporting their motion for summary judgment, including qualified immunity and a lack of evidence supporting Plaintiff's state-law claims.  However, because the Court concludes that all of Plaintiff's claims are procedurally barred by the statute of limitations, the Court finds no need to address these other substantive grounds for summary judgment raised by Defendants.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISCHARGING
GUARDIAN AD LITEM, AND CLOSING FILE - 4

1  Defendants also contend that Washington's three-year statute of

2  limitations for personal-injury claims applies to all of the claims

3  alleged in the complaint.  *See* RCW 4.16.080(2) (applying three-year

4  limitations period to all personal-injury actions); *Rose v. Rinaldi*,

5  654 F.2d 546, 547 (9th Cir. 1981) (applying the previously-cited

6  statute to § 1983 actions for claims arising in Washington).

7  Plaintiff does not contest either of Defendants' assertions; instead,

8  Plaintiff argues that the statute of limitations was tolled at various

9  times due to a) Plaintiff's disability, and b) Plaintiff's

10  imprisonment for several months on the stolen-property criminal

11  charge.

12      First, the Court addresses several questions related to the

13  admissibility of exhibits submitted by Plaintiff in opposition to the

14  instant summary-judgment motion.  Next, the Court discusses whether

15  the statute of limitations was tolled while Plaintiff was imprisoned

16  on the stolen-property criminal charge.  Finally, the Court addresses

17  Plaintiff's contentions that the statute of limitations was tolled

18  during the period of time when he was disabled.  For the reasons set

19  forth below, the Court finds that the statute of limitations was not

20  sufficiently tolled to account for the delay in the filing of

21  Plaintiff's Complaint, and that accordingly, Plaintiff's claims are

22  time-barred.

23      1.   <u>Admissibility of Exhibits Proffered by Plaintiff</u>

24      As a threshold matter, Defendants object to several exhibits

25  proffered by Plaintiff in opposition to Defendants' summary-judgment

26  motion.  Defendants first ask the Court to strike Exhibit 4, an

affidavit by Plaintiff himself in which he states that he has been "under a period of disability . . . [since] July 16, 2007." ECF No. 65. Setting aside the unsubstantiated and self-serving nature of this assertion — not to mention that the affidavit does not support the inference that Plaintiff is qualified to diagnose and assess the particular disability at issue — Plaintiff has not established that he is *presently* competent to attest to this fact by affidavit. "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and ***show that the affiant or declarant is competent to testify on the matters stated***." Fed. R. Civ. P. 56(c)(4). Given that the Court has previously appointed a guardian ad litem to represent Plaintiff in this matter, *see* ECF No. 62, Plaintiff's affidavit does not show that Plaintiff is competent to testify on the matters contained in his affidavit. Accordingly, Defendants' motion to strike Exhibit 4 is granted.

Defendants further ask the Court to strike Exhibit 1 because no medical physician has offered a medical opinion as to Plaintiff's competence on a more-probable-than-not basis; Defendants also seek to strike Exhibit 2 because it consists of hearsay and is irrelevant. Although the admissibility of these exhibits is questionable, the Court finds it unnecessary to strike them. Even if the Court were to deem them credible and accept them at face value, they do not establish a sufficiently lengthy period of tolling to overcome the statute of limitations. Accordingly, the Court denies as moot Defendants' motion to strike Exhibits 1 and 2.

2.    <u>Burden of Proof to Demonstrate Compliance with the Statute
of Limitations</u>

The statute of limitations is an affirmative defense; thus, a defendant relying on the statute carries the initial burden of proof to show that the statute bars plaintiff's claims. *See Rivas v. Overlake Hosp. Med. Cent.*, 164 Wn.2d 261, 267 (2008). But once a defendant has shown that claims are time-barred, "[a] plaintiff . . . carries the burden of proof if he or she alleges that the statute was tolled and does not bar the claim." *Id.* (citing *Cannavina v. Poston*, 13 Wn.2d 182, 190-91 (1942)).

Here, it is apparent that Plaintiff filed his suit after the statute of limitations had facially expired. Plaintiff's claims accrued on September 26, 2006, the date of his arrest; therefore, to comply with the statute of limitations, Plaintiff was required to file his Complaint by no later than September 25, 2009. He instead filed it on November 12, 2010, 413 days later. *See* ECF No. 1-2. Plaintiff thus carries the burden to demonstrate that the statute of limitations was tolled for at least 413 days to justify the untimely filing of his Complaint.

3.    <u>Tolling Based on Imprisonment for a Pending Criminal Charge</u>

Plaintiff first alleges that the statute of limitations was tolled during the period he was in custody awaiting trial on the underlying stolen-property criminal charge. The affidavit of Lynnette Brown, proffered by Defendants, indicates that Plaintiff was in custody on that charge from September 27, 2006, to October 2, 2006, and again from February 1, 2007, until his ultimate release on July

16, 2007.[3]  ECF No. 20, at 2-3.  The total period of time Plaintiff was imprisoned on this criminal charge is therefore 172 days.

Under Washington law, the statute of limitations is tolled if the party asserting the claim is imprisoned on a criminal charge at the time the cause of action accrues:

> Unless otherwise provided in this section, if a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued . . . ***imprisoned on a criminal charge prior to sentencing***, the time of such disability shall not be a part of the time limited for the commencement of action.

RCW 4.16.190(1) (emphasis added).

Neither party disputes that the statute of limitations should be tolled for the period of time Plaintiff spent in custody awaiting trial.  Accordingly, the Court deems the statute tolled for 172 of the 413 required days, resulting in a remaining deficit of 241 days.

4.   Tolling Based on Plaintiff's Disability

Plaintiff also contends that he suffers from a disability that tolled the statute of limitations.  Under Washington law, the period

---

[3]  Defendants suggest in their memorandum that the date of Plaintiff's release was July 7, 2007.  *See* ECF No. 19, at 4. Plaintiff also relies on the July 7 date in his memorandum.  *See* ECF No. 64, at 5.  However, Ms. Brown's declaration states that Plaintiff was in custody until July 16, 2007.  *See* ECF No. 20, at 2-3.  In light of this discrepancy, the Court construes the facts in a light most favorable to Plaintiff and uses the July 16, 2007 date for the purpose of calculating the time during which the statute of limitations was tolled.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISCHARGING GUARDIAN AD LITEM, AND CLOSING FILE - 8

of time during which a plaintiff is disabled will also toll the statute of limitations:

> Unless otherwise provided in this section, if a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued . . . **incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings, such incompetency or disability as determined according to chapter 11.88 RCW** . . . the time of such disability shall not be a part of the time limited for the commencement of action.

RCW 4.16.190(1).  However, Washington law specifically provides that for statute of limitations purposes, "[n]o person shall avail himself or herself of a disability unless it existed when his or her right of action accrued."  RCW 4.16.250.

There are several flaws in Plaintiff's assertions regarding disability-related tolling.  First, Plaintiff failed to show that his disability was to "such a degree that he [could not] understand the nature of the proceedings."  RCW 4.16.190(1).  Plaintiff does not cite to any provision of RCW chapter 11.88, nor does he offer any medical opinion that he could not understand the nature of this civil lawsuit or of the criminal charges pending against him.

Second, there is independent evidence that Plaintiff actually *was* competent at the time his claims accrued.  At no point did he, his attorney in the criminal matter, or the Spokane County Superior Court raise the issue of his competency to stand trial on the stolen-property charge.  No competency hearing was ever apparently held.  The fact that Plaintiff's competency was never raised in the criminal action that arose from his arrest is plausible evidence that Plaintiff was competent at the time.  And in the absence of any evidence to the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISCHARGING GUARDIAN AD LITEM, AND CLOSING FILE - 9

1   contrary, Plaintiff failed to meet his burden of showing that he was

2   incompetent at date his claim accrued.  As cited above, Washington law

3   does not permit Plaintiff to avail himself of a later-developed

4   disability to toll the statute of limitations.

5       Third, even assuming that Plaintiff's disability was present at

6   the time his claims accrued *and* that it otherwise satisfied the

7   requirements of RCW chapter 11.88 and RCW 4.16.190(1), Plaintiff

8   failed to demonstrate that his disability tolled the limitations

9   period for a sufficient period of time.  Even assuming that each of

10  Defendants' proffered exhibits sufficiently established his disability

11  during the time period cited within those exhibits, those periods of

12  time do not add up to the required 241 days.  Exhibit 1 would only

13  establish a period of disability from July 20, 2007, to August 8,

14  2007, a period of 20 days.  Exhibit 2 would only establish periods of

15  disability between January 14, 2008, to February 1, 2008 — a period of

16  19 days — and from April 12, 2010, to May 18, 2010 — a period of 37

17  days, for a total of 56 days.  Thus, the maximum possible period

18  during which the statute would have been tolled for Plaintiff's

19  disability is 76 days, well short of the required 241 days.

20      Finally, despite Plaintiff's argument to the contrary, the Court

21  cannot simply infer with no supporting evidence that Plaintiff was

22  sufficiently disabled between 2008 and 2010 to toll the statute of

23  limitations during that lengthy period.  Nor can the Court conclude

24  that it is "more likely than not," ECF No. 64, at 6, that Plaintiff

25  was suffering from a disability far in excess of the very limited time

26  period that could be established by institutional records.  The

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISCHARGING
GUARDIAN AD LITEM, AND CLOSING FILE - 10

1  institutional records themselves do not provide support for this "more

2  likely than not" contention, and Plaintiff proffered no medical

3  opinion suggesting that his disability continued to affect him outside

4  of his periods of treatment *and* that during that entire time, he was

5  unable to understand the nature of these proceedings.

6      In sum, Plaintiff failed to satisfy his burden of demonstrating

7  that the statute of limitations was sufficiently tolled due to his

8  disability.

9                          V.    <u>CONCLUSION</u>

10     Plaintiff's suit is untimely.  Because it was not filed until

11 more than four years after the date his claims accrued, it does not

12 comply with Washington's three-year statute of limitations for

13 personal injury actions.  Moreover, Plaintiff failed to demonstrate

14 that the limitations period was sufficiently tolled by reason of

15 imprisonment and disability to account for his delay in commencing

16 this suit.  Therefore, summary judgment in Defendants' favor is

17 warranted, and this suit must be dismissed.

18     Accordingly, **IT IS HEREBY ORDERED**:

19     1.   Defendant's Motion for Summary Judgment Dismissal, **ECF No.**

20          **18**, is **GRANTED**.

21     2.   Plaintiff's Complaint, **ECF No. 1-2**, is **DISMISSED WITH**

22          **PREJUDICE**.

23     3.   Debra Marie Granado is discharged and relieved of all

24          further responsibility to act as Plaintiff's guardian ad

25          litem in this action pursuant to the Court's Order of

26          Appointment, ECF No. 62.  The Court expresses its gratitude

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISCHARGING
GUARDIAN AD LITEM, AND CLOSING FILE - 11

1          to Ms. Granado for her unremunerated service in this

2          matter.

3     4.   Plaintiff's counsel is **DIRECTED** to serve Ms. Granado with a

4          copy of this Order.

5     5.   The Clerk's Office is directed to **ENTER JUDGMENT** in favor

6          of all Defendants and to **CLOSE** this file.

7     **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

8 Order and provide copies to all counsel.

9     **DATED** this ___23rd___ day of May 2013.

10

                          s/ Edward F. Shea
11     _____
                          EDWARD F. SHEA
12                 Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Q:\EFS\Civil\2010\432.sj.grant.close.lc2.docx

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISCHARGING
GUARDIAN AD LITEM, AND CLOSING FILE - 12